LENA SOMA, Respondent, v. GEORGE HANDRULIS, Defendant, and FEDERAL RESERVE BANK OF NEW YORK and SARAH ALKOFF, Appellants.— Motions for reargument denied, without costs. Motions for leave to appeal to the Court of Appeals granted. [See *ante*, p. 838.] Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

ELIZABETH WAGSTAFF and Another, Appellants, v. WESLEY B. MATTHEWS, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

WESTCHESTER TRUST COMPANY, Respondent, v. THE ESTATE OF EDWARD UNDERHILL, INCORPORATED, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

AARON Z. ZANDMAN, Respondent, v. KULLMAN DINING CAR Co., INC., Appellant; ANNA KIRCHMEIER, Defendant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. The denial is on the merits and on the further ground that the application to the Appellate Term for leave to appeal to the Appellate Division was not timely. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, Plaintiff, v. POCAHONTAS COAL CORPORATION, Defendant.— This is a controversy submitted on an agreed statement of facts pursuant to sections 546–548 of the Civil Practice Act. The following two questions were submitted: 1. Does the reservation in the lease give the plaintiff the right to have vessels, barges or other carriers, moored or docked alongside the bulkhead in front of said five (5) foot strip, overlap onto the bulkhead beyond said five (5) foot strip? 2. Is the said right reserved in the lease assignable by the plaintiff? Both questions are answered in the affirmative and judgment unanimously directed for plaintiff, without costs. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

LENA ANDERSON, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Appeal from order denying motion for reargument dismissed. Order granting defendant's application for an order permitting it to pay the amount of a judgment, with interest and costs, into court, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis and Adel, JJ., concur; Taylor, J., concurs in dismissal of the appeal from the order denying reargument but dissents as to affirmance of the order granting defendant's application for permission to pay the amount of judgment into court, with the following memorandum: I dissent and vote to reverse and to deny the defendant's motion. That order is violative of the plaintiff's property rights in the judgment recovered by her, and is without authority of law. The plaintiff is presumptively sane and competent to manage her property and affairs. She has never been the subject of the so-called office found; and as matter of law is entitled to be paid her judgment, and to satisfy it or cause it to be satisfied in the usual way; and to use the proceeds thereof for her own purposes, unrestrained. It is to be noted that the deposit of money by the defendant, permitted by the order, is not the one contemplated in Civil Practice Act, section 530, subdivision 4.